**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } | |
| | } | |
| | } | **CIVIL ACTION NO. 4:21-cv-01081** |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | |
| | } | |
| **151 Coffee, LLC** | } | **JURY TRIAL DEMANDED** |
| | } | |
| **Defendant.** | } | |
| | } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Cassandra Flores and aggrieved individual Kirsten Mallari, both of whom were adversely affected by such practices. As alleged with greater particularity in paragraphs 13-32 below, the Equal Employment Opportunity Commission ("the Commission") alleges that 151 Coffee, LLC ("Defendant") discriminated against Flores and Mallari in violation of the Americans with Disabilities Act, as amended, by failing or refusing to accommodate their disabilities. EEOC also alleges that the Defendant terminated the employment of both Flores and Mallari because of their disabilities.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant 151 Coffee, LLC has continuously been doing business in the State of Texas and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Cassandra Flores filed a Charge of Discrimination ("Charge") with the Commission alleging violations of the ADA.

8.      On June 14, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On or about August 16, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     Since at least April 2020, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq.* Specifically, the Defendant discriminated against Cassandra Flores by failing or refusing to provide her with a reasonable accommodation, and terminating her because of her disability, multiple sclerosis, in violation of 42 U.S.C. § 12112(a), as amended. Defendant also discriminated against aggrieved individual Kirsten Mallari by failing or refusing to provide her

COMPLAINT

3

with a reasonable accommodation, and terminating her because of her disability, pulmonary valve stenosis, in violation of 42 U.S.C. § 12112(a), as amended.

14.     Cassandra Flores is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  At all relevant times, Ms. Flores has had an impairment, multiple sclerosis, that substantially limits her in the major life activities of seeing, thinking and concentrating. This impairment also substantially limits the operation of her immune system.

15.     Kirsten Mallari is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  At all relevant times, Ms. Mallari has had an impairment, pulmonary valve stenosis, that substantially limits the operation of her cardiovascular system.

16.     Flores was hired by the Defendant in or around May 2019 to work as a Barista at its location in North Richland Hills.

17.     Flores notified Defendant of her disability, multiple sclerosis, in the months after she was hired.

18.     Mallari was hired by the Defendant in or around January 2020 to work as a Barista at its location in Plano.

19.     As a result of the COVID-19 outbreak, the Defendant closed all of its locations for the month of April 2020.

20.      On April 30, 2020, Respondent's Talent Manager, Sherri Brast, sent an email to all employees announcing that Respondent was reopening its stores on May 5, 2020. Brast asked employees to reply to her email that day confirming whether they would like to start back to work the following week or if they preferred to delay their return.

COMPLAINT

21.     Cassandra Flores responded to Brast by email on April 30, 2020 and stated that she was ready to return to work. Flores also stated in her email that, because she has multiple sclerosis, she preferred to stay in the building and preferred to have minimal contact with customers.

22.     On May 1, 2020, Brast called Flores and told her that she could not return to work until a vaccine for COVID-19 had been developed.

23.     In or around mid-May 2020, Flores again contacted Brast and her local store management in an attempt to return to work. She received no response to those communications.

24.     On May 20, 2020, Flores sent a message to Respondent's Vice President, Mike Wattles, informing him that she had attempted to contact Brast and local store management about her desire to return to work but had not received any response. Flores told Wattles that she wanted management to know that she was comfortable returning to work the week of June 1st. Her message to Wattles did not include any request for accommodation. Wattles told Flores that he would contact Brast.

25.     On or around May 22, 2020, Brast contacted Flores and told her that, because of her medical condition, Flores could not return to work for the Defendant until a vaccine for COVID-19 had been developed.

26.     Kirsten Mallari also replied to Brast's email of April 30, 2020, on the same day it was sent. Mallari told Brast that she would be available to work when the store reopened but asked if there was any possibility for her not to work at the drive-thru window or as a drink runner. She also asked if it would be possible to be given preference for assignment in other areas of the store because her congenital heart disorder classified her as high risk with respect to COVID-19.

COMPLAINT

5

27.     Brast contacted Mallari after her April 30th email and told Mallari that she could not return to work because of her medical condition. Mallari asked Brast if the Defendant would reconsider that decision because she needed the income and would be willing to work any assignment in the store that minimized customer interaction. Brast informed Mallari that the Defendant's CEO, Mark Wattles, had decided that she could not return to work until there was a vaccine for COVID-19.

28.     Defendant failed or refused to accommodate Cassandra Flores' disability. Flores notified Defendant that she preferred to minimize customer contact and stay in the building as a reasonable accommodation of her disability, both of which Defendant denied. Defendant did not propose or discuss alternative accommodations with Flores before terminating her employment.

29.     The Defendant's decision to terminate Cassandra Flores' employment was based on Flores' disability, multiple sclerosis, in violation of the ADA. When Defendant denied Flores' requests for accommodation, she notified the company that she was comfortable returning to work the week of June 1, 2020. Despite this, Brast again told Flores that she could not return to work until a vaccine was developed because of her disability.

30.     Defendant failed or refused to accommodate Kirsten Mallari's disability. Mallari asked Defendant if it would be possible to either be excused from working at the drive-thru window or as a drink runner, or to be given preference for assignment in other areas of the store as reasonable accommodations of her disability. Defendant denied these requests for accommodation. Defendant did not propose nor discuss alternative accommodations with Mallari before terminating her employment.

31.     The Defendant's decision to terminate Kirsten Mallari's employment was based on Mallari's disability, pulmonary valve stenosis, in violation of the ADA. When Defendant

COMPLAINT

6

denied Mallari's first requests for accommodation, she notified the company that she was willing to work any assignment that simply minimized customer interaction. Despite this, Brast told Mallari that she could not return until there was a vaccine for COVID.

32.     The Defendant's blanket policy of prohibiting disabled employees from returning to work, with or without an accommodation, until a COVID vaccine was developed, violated the ADA.

33.     The unlawful employment practices complained of in paragraphs 13-32 above were intentional.

34.     The unlawful employment practices complained of in paragraphs 13-32 above were done with malice or with reckless indifference to the federally protected rights of Cassandra Flores.

35.     The unlawful employment practices complained of in paragraphs 13-32 above were done with malice or with reckless indifference to the federally protected rights of Kirsten Mallari.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any employment decision on an employee's disability.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

COMPLAINT

C.      Order the Defendant to make whole Cassandra Flores, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order the Defendant to make whole Kirsten Mallari, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.      Order the Defendant to make Cassandra Flores whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

F.      Order the Defendant to make Kirsten Mallari whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above.

G.      Order the Defendant to make Cassandra Flores whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

H.      Order the Defendant to make Kirsten Mallari whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

COMPLAINT

I.     Order the Defendant to pay Cassandra Flores punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

J.     Order the Defendant to pay Kirsten Mallari punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

K.     Grant such further relief as the Court deems necessary and proper in the public interest.

L.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN Y. REAMS
Acting General Counsel

SUZANNE M. ANDERSON
Acting Regional Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Texas Bar No. 24105277

/s/ Amanda D. Frizzelle
AMANDA D. FRIZZELLE
Trial Attorney
Texas Bar No.  24105239

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (972) 918-3611
(FAX) (214) 253-2749

COMPLAINT