UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 4:21-cv-01081-O |
| § | |
| 151 COFFEE, LLC, § § | |
| Defendant. § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, 151 Coffee, LLC ("151" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 4:21-cv-01081-O. EEOC initiated its lawsuit under Title I of the American with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Cassandra Flores and aggrieved individual Kirsten Mallari, both of whom were adversely affected by such practices. More specifically, Plaintiff EEOC filed this lawsuit alleging that Defendant discriminated against Flores and Mallari in violation of the Americans with Disabilities Act, as amended, by failing or refusing to accommodate their disabilities. EEOC also alleged in its lawsuit that Defendant terminated the employment of both Flores and Mallari because of their disabilities.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC and intend that the terms and conditions for resolution be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in EEOC's Complaint. Plaintiff waives further litigation of all issues raised in its Complaint. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree (as defined in paragraph 14), Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from any employment practice that discriminates on the basis of disability with respect to recruitment, reasonable accommodation, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

4. Defendant agrees to pay to Cassandra Flores the full and final sum of $36,250 in compromise and satisfaction of all claims. The parties agree that $5,000 is designated as lost wages and Defendant will issue a W-2 to Ms. Flores for that amount. A 1099 shall be issued for

the remainder amount of $31,250. Payment shall be mailed directly to Ms. Flores at the address provided to Defendant by the EEOC.

A copy of the settlement checks and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Kuelbs, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202 (meaghan.kuelbs@eeoc.gov).

5. Defendant agrees to pay to Kirsten Mallari the full and final sum of $33,750 in compromise and satisfaction of all claims. The parties agree that $2,500 is designated as lost wages and Defendant will issue a W-2 to Ms. Mallari for that amount. A 1099 shall be issued for the remainder amount of $31,250. Payment shall be mailed directly to Ms. Mallari at the address provided to Defendant by the EEOC.

6. The payments referenced in paragraphs 4 and 5 shall be made within 30 days after the Effective Date (as defined in paragraph 14) of this Consent Decree. Defendant agrees to report to the EEOC within 30 days of the Effective Date of this Consent Decree regarding its compliance with these paragraphs. A copy of the settlement checks and any accompanying transmittal documents will be forwarded to the EEOC at the address listed below in Paragraph No. 4.

7. The Defendant shall mail or electronically disseminate its Workplace Policy on Disability Discrimination (attached to this Consent Decree as "Exhibit A") to all employees within ten (10) days of the Effective Date of this Consent Decree. This document is identified as Defendant's policy against disability discrimination and its duty to accommodate applicants and employees. Defendant shall, within thirty (30) days of the Effective Date of this Consent Decree, send a written report to the EEOC confirming that the Workplace Policy on Disability Discrimination (Exhibit "A") was mailed or electronically disseminated to all employees in

compliance with this Paragraph.

8.  For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for Mark Wattles and Mike Wattles, all human resources employees, all District Managers, and all of Defendant's corporate office employees advising them of the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADA), and reviewing the details of the Defendant's policy on disability discrimination and reasonable accommodation, including the procedure for reporting complaints of discrimination. This annual training will also discuss the consequences that may be imposed upon Defendant for violating the ADA and the appropriate method for investigating claims of discrimination made by employees. This annual training of the individuals listed above will also include a specific discussion relating to the factors to be considered in making an appropriate assessment of requests for reasonable accommodation made by applicants and/or employees with a disability, and the appropriate steps to be taken as a part of that assessment. The training shall be conducted as a session of no less than one (1) hour.

Defendant agrees to reiterate its Workplace Policy on Disability Discrimination and reasonable accommodation on an annual basis by electronically disseminating the Policy or providing it by mail to Store Managers and all non-managerial employees in June of each year that the Consent Decree is in effect; provided, however, that Defendant is not required to provide such employees its Workplace Policy on Disability Discrimination and reasonable accommodation more than once in 2022.

9.  At least thirty (30) days prior to the date scheduled for the training described in paragraph 8, Defendant shall furnish to EEOC a written report describing the training, whether it will be in-person, by video, module, or other means, and identifying either the source of the

training materials, or the training instructor(s) and describing any instructor's qualifications to conduct the training, as applicable. Within thirty (30) days of the training described in paragraph 8, Defendant will send the EEOC a written verification that the training was completed, with such verification to include the attendance roster of those who completed the training. Defendant shall also send EEOC written confirmation of its annual reiteration of its Workplace Policy on Disability Discrimination within thirty (30) days of the annual mailing or electronic dissemination of the Policy.

10. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

    a.    Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b.    Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

11. All copies of checks for payment of monies and other documents or reports referenced above as required by this Consent Decree shall be sent by Defendant to the EEOC and addressed to the attention of:

> Meaghan Kuelbs, Trial Attorney
> EEOC, 207 S. Houston St., Third Floor,
> Dallas, TX 75202
> (meaghan.kuelbs@gmail.com)

12. The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

13. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any

term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

14.     The effective date of this Consent Decree is the date on which it is signed and entered by the Court following execution by both parties (the "Effective Date"). The duration of this Consent Decree shall be two (2) years from the Effective Date (the "Term"). The Court shall retain jurisdiction of this action during the Term of this Consent Decree.

15.     Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

MEAGHAN L. KUELBS
Trial Attorney
Texas Bar No. 24105277

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(972) 918-3611
(214) 253-2749 (f)


FOR THE DEFENDANT 151 COFFEE, LLC:

/s/ Jay K. Rutherford
Jay K. Rutherford
State Bar No. 17451200
Sara K. Harris
State Bar No. 24077389

Jackson Walker LLP
777 Main St., Ste. 2100
Fort Worth, Texas 76102-5360
Telephone – (817) 334-7246
Telecopier – (817) 870-5146


**SO ORDERED** this **9th day** of **May, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

# **Attachment A**

**WORKPLACE POLICY ON DISABILITY DISCRIMINATION**

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability. Under the Americans With Disabilities Act, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability. This prohibition covers all aspects of the employment process, including:

- * application
- * testing
- * hiring
- * assignments
- * evaluation
- * disciplinary actions
- * promotion
- * medical examinations
- * layoff/recall
- * termination
- * compensation
- * leave

It is the policy of 151 Coffee that harassment of employees with disabilities is strictly prohibited, as it undermines the integrity of the employment relationship. No disabled employee should be subjected to unsolicited, unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of his or her disability.

Furthermore, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless that employer can show that the accommodation would cause an undue hardship on the operation of its business.

An employee who requires reasonable accommodation of a disability should notify Mike Wattles, V.P. Finance, at ███████████████████ or ██████████, or his designee. Store Managers and District Managers who receive a request for reasonable accommodation must notify Mike Wattles, V.P. Finance, upon receipt of any such request. 151 Coffee will respond promptly to requests for reasonable accommodation, and the requesting employee will be updated on the status of his/her accommodation request. In certain circumstances, 151 Coffee may need to request additional medical documentation to determine whether and what type(s) of accommodations would be effective. Employees should respond promptly to such requests. 151

8

Coffee will keep any medical information received as part of an accommodation request or during the accommodation process confidential and in a separate medical file.

151 Coffee has a responsibility to maintain a workplace free of discrimination. This duty includes prohibiting discrimination against all employees in order to prevent unequal treatment because of their race, color, sex, national origin, religion, age or disability. It also prohibits basing hiring and/or termination decisions on a person's race, color, sex, national origin, religion, age or disability, or because a person has complained of discrimination. Retaliation against individuals who report incidents involving discrimination or raise concerns of discrimination is strictly prohibited.

An employee has the right, and is encouraged to exercise that right to report allegations of discrimination in the workplace. An employee may do so by notifying their District Manager by phone or email. Employees who do not wish to go to the District Manager may instead report to Mike Wattles, V.P. Finance, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or ▓▓▓▓▓▓▓▓▓. Supervisors and managers who are informed of a complaint or allegation of discrimination must immediately notify their District Manager or Mike Wattles. An employee, either alternatively or in addition to reporting such an allegation to 151 Coffee's management, may contact the Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the nearest EEOC office is 207 South Houston Street, Third Floor, Dallas, Texas 75202; (972) 918-3649.

Any report of discrimination will be thoroughly investigated, with appropriate disciplinary action, up to and including termination, be taken against any person(s) found to have engaged in such conduct.

9